CRITICOM INTERNATIONAL CORPO-
RATION, a California corporation;
Criticom International Corporation
California, a California corporation,
Plaintiffs–Appellants,

v.

SCOTTSDALE INSURANCE COMPA-
NY, an Arizona corporation, De-
fendant–Appellee,

and

Hartford Casualty Insurance Company;
Hartford Fire Insurance Company,
Defendants.

No. 05–55307.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed April 6, 2007.

Christopher B. Leonard, Esq., Mahoga-
ny Paulino, Esq., Mitchell Silberberg et al,
LLP, Los Angeles, CA, for Plaintiffs–Ap-
pellants.

Alan B. Yuter, Esq., Selman Breitman,
LLP, Los Angeles, CA, for Defendant–
Appellee.

Dean B. Herman, Esq., Michelman &
Robinson, LLP, Encino, CA, for Defen-
dants.

Before: PREGERSON, W.
FLETCHER, and BERZON, Circuit
Judges.

MEMORANDUM *

Appellants Criticom International Cor-
poration and Criticom International Cor-

* This disposition is not appropriate for publica-    tion and is not precedent except as provided

poration California ("Criticom") appeal from the district court's grant of summary judgment to Appellee Scottsdale Insurance Company ("Scottsdale") on Criticom's denial of coverage and bad faith claims. We affirm.

The parties are familiar with the facts, so we do not repeat them here. We apply California law in this diversity case.

■ The Errors and Omissions ("E & O") provision of Criticom's insurance policy with Scottsdale covered "sums that the insured becomes legally obligated to pay as 'damages' because of injury as a result of an 'error or omission'...." "Error or omission" was defined as "any negligent act, error or omission *while performing any services normal to the business of the insured described in the Declarations.*" (Emphasis added). The policy declarations listed Criticom's business as "Alarm Installation and Monitoring." Because Criticom's alleged sale of the alarm system retailers' toll-free telephone lines and equipment to King Central was not a service normal to the business of alarm installation and monitoring, the alarm system retailers' complaints did not trigger a possibility of coverage under the E & O provision. Nor did the complaints' allegations that *King Central* provided inferior monitoring services after Criticom sold it the central alarm station require Scottsdale to defend *Criticom.*

■ The General Commercial Liability ("GCL") provision of the policy covered "bodily injury" or "property damage" caused by an "occurrence." The policy defined "property damage" as (1) "[p]hysical injury to tangible property, including all resulting loss of use of that property" or (2) "[l]oss of use of tangible property that is not physically injured." For two reasons, we hold that the alarm system

retailers' complaints regarding the sale did not allege property damage covered by the GCL provision. First, toll-free telephone lines are not "tangible property," which "refers to things that can be touched, seen, and smelled." *Avery Dennison Corp. v. Allendale Mut. Ins. Co.,* 310 F.3d 1114, 1116 (9th Cir.2002) (quoting *Kazi v. State Farm Fire & Cas. Co.,* 24 Cal.4th 871, 103 Cal.Rptr.2d 1, 15 P.3d 223, 229 (2001)). Second, although the alarm system retailers' complaints alleged that Criticom wrongfully sold the retailers' "equipment" to King, they did not claim damages for *"loss of use"* of the equipment. Rather, their claim was for conversion, an action that California courts have distinguished from physical injury and loss of use. *See Collin v. Am. Empire Ins. Co.,* 21 Cal. App.4th 787, 26 Cal.Rptr.2d 391, 408–09 (1994).

Therefore, we conclude that Scottsdale had no duty to defend Criticom because the alarm system retailers' complaints did not give rise to the possibility of coverage under either the E & O or GCL provisions of the insurance policy. Because we affirm the district court's holding that Scottsdale did not have a duty to defend Criticom, we also affirm its holding that Scottsdale did not act in bad faith.

AFFIRMED.